

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

March 31, 2003

The Honorable Michael A. Stafford
Harris County Attorney
1019 Congress, 15th Floor
Houston, Texas 77002-1700

Opinion No. GA-0052

Re: Whether section 550.065(d) of the Transportation Code requires a governmental body to use the guidelines established by the Texas Building and Procurement Commission[1] when calculating the "actual cost" of making a noncertified copy of an accident report (RQ-0611-JC)

Dear Mr. Stafford:

You ask whether Transportation Code section 550.065(d) requires governmental agencies to use the guidelines established by the Texas Building and Procurement Commission ("the Commission") pursuant to the Texas Public Information Act to calculate the "actual cost" of making a noncertified copy of an accident report.[2] *See* TEX. GOV'T CODE ANN. § 552.262 (Vernon Supp. 2003) (authorizing Texas Building and Procurement Commission, to adopt rules for governmental bodies to use in determining charges for records).

Chapter 550, subchapter D of the Transportation Code requires a written report of a vehicle accident resulting in injury to or the death of a person, or property damage of $1,000 or more, to be made by a law enforcement officer who investigated the accident, or by the vehicle operator if it was not investigated by a law enforcement officer. *See* TEX. TRANSP. CODE ANN. §§ 550.061(a), 550.062(a) (Vernon Supp. 2003). The report must be filed with the Department of Public Safety ("DPS") no later than the tenth day after the accident. *See id.* §§ 550.061(b), 550.062(b). A municipality may by ordinance require an accident report to be filed with a municipal department. *See id.* § 550.067 (Vernon 1999).

---

[1]The Seventy-seventh Texas Legislature abolished the General Services Commission and created the Texas Building and Procurement Commission, to which the legislature generally assigned the powers and duties that previously had been assigned to the General Services Commission. *See* Act of May 27, 2001, 77th Leg., R.S., ch. 1422, § 1.18(a), (b), 2001 Tex. Gen. Laws 5021, 5025. The name "Texas Building and Procurement Commission" will be used instead of "General Services Commission" in this opinion.

[2]*See* Letter and Brief from Honorable Michael A. Stafford, Harris County Attorney, to Honorable John Cornyn, Texas Attorney General (Sept. 17, 2002) (on file with Opinion Committee) [hereinafter Stafford Brief].

Transportation Code section 550.065 governs the release of information relating to a motor vehicle accident held by DPS or another governmental entity. *Id.* § 550.065(a), (c) (Vernon Supp. 2003); *see id.* §§ 550.061-.64, 601.004 (Vernon 1999 & Supp. 2003) (accident reports subject to Transportation Code section 550.065). Subsection 550.065(b) states that the information is for the confidential use of DPS and federal, state, and local entities that have "use for the information for accident prevention purposes," except as provided by subsection (c). *Id.* § 550.065(b) (Vernon Supp. 2003). Subsection (c) provides that "[o]n written request and payment of any required fee," DPS or a governmental entity shall release the information to certain public entities, *see id.* § 550.065(c)(1)-(3), or to a person who provides DPS or the governmental entity with two or more of the following:

> (A) the date of the accident;
>
> (B) the specific address or the highway or street where the accident occurred; or
>
> (C) the name of any person involved in the accident.

*Id.* § 550.065(c)(4).

Subsection (d) of section 550.065, the subject of your request, establishes the following fee for accident reports released under subsection (c):

> The fee for a copy of the report or accident information is $6 *or the actual cost of the preparation of the copy, whichever is less.* The copy may be certified by the department or the governmental entity for an additional fee of $2. The department or the governmental entity may issue a certification that no report or information is on file for a fee of $6.

*Id.* § 550.065(d) (emphasis added).

Subsection (d) does not define "actual cost," and its language has been subject to varying interpretations among law enforcement agencies.[3] Some governmental entities that hold accident reports are highly automated and able to prepare copies quickly and efficiently, while others are not yet automated. *See* Commission Brief, *supra* note 3. The question has arisen whether subsection (d) requires governmental agencies to use the guidelines established by the Commission under the Texas Public Information Act to calculate the "actual cost" of making a noncertified copy of an accident report. *See* Stafford Brief, *supra* note 2.

---

[3]*See* Stafford Brief, *supra* note 2; *see also* Brief from Hadassah Schloss, Open Records Administrator, Texas Building & Procurement Commission, to Susan Denmon Gusky, Chair, Office of Attorney General (Nov. 8, 2002) (on file with Opinion Committee) [hereinafter Commission Brief].

The Public Information Act provides in section 552.262 of the Government Code that the Commission "shall adopt rules for use by each governmental body in determining charges for providing copies of public information under . . . subchapter [F of chapter 552]." TEX. GOV'T CODE ANN. § 552.262(a) (Vernon Supp. 2003). The Commission's rules, *see* 1 TEX. ADMIN. CODE §§ 111.61-.71 (2002), are to be used by each governmental body to determine charges for providing copies of public information, "except to the extent that other law provides for charges for specific kinds of public information." TEX. GOV'T CODE ANN. § 552.262(a) (Vernon Supp. 2003). "The charges for providing copies of public information may not be excessive and may not exceed the actual cost of producing the information . . . ." *Id.* The Commission's rules define "actual cost" as

> [t]he sum of all direct costs plus a proportional share of overhead or indirect costs. Actual cost should be determined in accordance with generally accepted methodologies.

1 TEX. ADMIN. CODE § 111.62(1) (2002).

Under subsection 550.065(d) of the Transportation Code, the fee for a copy of the accident report is $6 or the actual cost of copying the report, whichever is less, but section 550.065 does not define "actual cost." *See* TEX. TRANSP. CODE ANN. § 550.065 (Vernon Supp. 2003). Section 552.262(a) of the Government Code directs governmental bodies to the Commission's rules to determine charges for records "except to the extent that other law provides for charges." TEX. GOV'T CODE ANN. § 552.262(a) (Vernon Supp. 2003). Governmental bodies must use the definition of "actual cost" stated in the Commission's rules, subject to the limit of $6 established by section 550.065(d) of the Transportation Code.

## S U M M A R Y

Section 550.065(d) of the Transportation Code provides that the fee for copies of accident reports and accident information is $6 or the actual cost of preparing the copy, whichever is less. Because section 550.065 does not define "actual cost," governmental agencies must use the Texas Building and Procurement Commission's guidelines under the Public Information Act to calculate the "actual cost" of making a noncertified copy of an accident report subject to the limit of $6 established by the Transportation Code.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General - General Counsel

NANCY S. FULLER
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General, Opinion Committee